Rodney E. WHITE, Petitioner–Appellant,

v.

Joe P. YOUNG, Respondent–Appellee.

No. 00–5988.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

**322**

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

Rodney E. White moves for pauper status on appeal from a district court order that imposed a sanction of $100 against him after he filed a frivolous habeas corpus petition despite a prior court order warning him not to do so. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

White filed a document styled as a petition for a writ of habeas corpus filed under

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of

28 U.S.C. § 2241 in which he sought to challenge his conviction for carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court construed the petition as a 28 U.S.C. § 2255 motion to vacate judgment, transferred the motion to the United States Court of Appeals for the Fourth Circuit, and imposed a $100 sanction against petitioner because the filing violated an earlier court order that petitioner file no further frivolous motions to vacate his sentence. Petitioner filed a timely notice of appeal, and this court determined that only the district court's imposition of sanctions is properly before this court for review. *See White v. Young,* No. 00–5988 (6th Cir. Sept. 29, 2000) (unpublished). In his brief on appeal, petitioner addresses only the propriety of his § 924(c) conviction.

 Upon consideration, the motion for pauper status is granted, and we affirm the district court's imposition of sanctions. First, petitioner has abandoned any challenge to the district court's imposition of sanctions against him because he did not address the issue in his brief on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Nonetheless, it is noted that the district court did not abuse its discretion in imposing sanctions under the circumstances of this case. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Accordingly, the motion for pauper status is granted, and the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.